IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEREMIAH F. BERGER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 15-67-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE |

On August 14, 2015, Jeremiah F. Berger filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Berger was a state prisoner proceeding pro se. His sentence expired on October 18, 2015.[1]

Berger raises seven claims in his petition. The first is that his probation officer conducted an illegal search and seizure when she searched Berger's aunt's van without valid consent in violation of Berger's right to due process. (Doc. 1 at ¶ 13 A(i)). Berger's second claim is that he was denied the effective assistance of counsel when his public defender: (1) failed to call two witnesses on Berger's behalf at his January 2014 revocation hearing; (2) advised Berger against filing an appeal following revocation; and (3) failed to contest his probation officer's illegal

---

[1] Information available at: https://app.mt.gov/conweb (accessed November 16, 2015).

1

search and seizure. *Id*. at ¶ 13 B(i); *see also* (Doc. 1-6 at 4). Berger's third claim is that his right to be free of double jeopardy was violated when a dirty urinalysis used against him for a thirty-day intervention/sanction in October 2013 was subsequently used against him in support of revoking his two-year suspended sentence in January 2014. (Doc. 1-5 at 1). Berger next argues that his sentence was unlawfully enhanced in violation of his right to due process when the Havre Probation Office sent Berger to the Montana State Prison following his revocation, rather than putting him in a community placement. *Id*. at 2. Berger's fifth claim is that a conflict of interest exists because the Hill County Attorney, Gina Dahl, is married to Hill County Detention Center Officer, James Dahl; it was James Dahl's recommendation that ultimately led to Berger being placed at the prison. *Id*. at 5. Berger's sixth claim is that his probation officer filed false statements against him and committed perjury when she searched his aunt's van in October 2013 and then lied about the circumstances of the search. *Id*. at 6. Berger's final claim is that his probation officer provided a false statement to the court on October 25, 2013, and then lied under oath at an evidentiary hearing about the circumstances of the van search. He alleges that she used questionable practices in relation to obtaining a urinalysis from Berger during this same time period. *Id*. at 3.

## I.     Background

On July 29, 2010, Berger was convicted upon a guilty plea in the Twelfth

Judicial District Court, Hill County, of felony partner/family member assault and misdemeanor criminal destruction or tampering with a communication device. *State v. Berger*, DA 15-0268, Or. at 1 (filed May 12, 2015). He received a five-year suspended sentence to the Montana Department of Corrections for the felony and a six-month sentence to the Hill County jail for the misdemeanor. *Id.* He did not file an appeal. On February 3, 2011, the Hill County Attorney filed a petition to revoke Berger's sentence. Berger appeared with counsel and admitted to some of the violations. *State v. Berger*, DA 15-0415, Or. at 1. Berger's suspended sentence was revoked and he was committed to the Department of Corrections for five years with two of the years suspended. *Id.* Berger also received credit for 212 days of time served. *Id.*

On July 5, 2013, Berger began serving the suspended portion of his sentence. (Report of Violation, Doc. 1-4 at 9). An intermediate sanction was initiated wherein Berger had to serve a 30-day sentence in the Hill County Detention Center pending his placement at the Montana Chemical Dependency Center. *Id.* at 3. The Hill County Attorney filed a second petition to revoke on October 28, 2013. *Id.* at 4-6. Following an evidentiary hearing in January of 2014, the Hill County District Court found Berger had violated several conditions of his 2010 sentence. *State v. Berger*, DA 15-0415, Or. at 1. The court committed Berger to the Department of Corrections for two years and recommended that he

3

be screened for available treatment programs. *Id.*

In May 2015, Berger filed a motion for an out-of-time appeal. The Montana Supreme Court denied the petition. *See State v. Berger*, No. DA 15-0268, Or. (Mont. May 12, 2015). Berger then filed a petition for a writ of habeas corpus in the Montana Supreme Court and raised fifteen separate grounds for relief. *State v. Berger*, DA 15-0415, Pet. (filed July 13, 2015). The Court found that Berger failed to meet his burden of persuading the Court that he was unlawfully incarcerated. *State v. Berger*, DA 15-0415, Or. at 21 (filed July 28, 2015). The Court said many of Berger's claims were based only on conclusory statements and unsupported allegations. *Id.* Further, Berger's concerns relating to the illegal search of his aunt's van were adequately addressed by his probation officer and by Assistant Attorney General Chad G. Parker. *Id.* at 3. Finally, Berger was precluded by statute from pursuing habeas relief to attack the legality of an order revoking his suspended sentence. *Id.*, citing Mont. Code Ann. § 46-22-101(2). Additionally, Berger exhausted his right to appeal when he failed to file a timely appeal following the conviction and sentence. Thus, he was not entitled to habeas relief. The Court denied Berger's petition. *Id.*

## II. Analysis

As set forth above, all of the claims that Berger now raises stem from the events leading up to the revocation of his suspended sentence in 2014. Berger has

4

now served the sentence. Berger's petition should be denied in its entirety as moot.

Article III, § 2 of the United States Constitution requires a "case or controversy" for justiciability, meaning that an injury-in-fact has occurred. Throughout litigation, an individual "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). When an individual is incarcerated, a challenge to the validity of his conviction satisfies the case-or-controversy requirement: the ongoing incarceration constitutes a concrete injury and it is redressable by invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Supreme Court has presumed that, when challenging the conviction itself, collateral consequences sufficient to satisfy the case-or-controversy requirement exist. *Id*. at 8, citing *Carafas v. LaVallee*, 391 U.S. 234, 237-8 (1968). Examples of such consequences include making one: liable to deportation, ineligible for naturalization, unable to serve on a jury, unable to vote, or unable to hold office. See *Fiswick v. United States*, 329 U.S. 211, 221-223 (1946). This presumption is justified because it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Sibron v. New York*, 392 U.S. 40, 55-6 (1968).

The analysis changes, however, once an individual has completed his

5

sentence. In *Spencer v. Kemna*, the Court found that the adverse legal consequences present in the context of a criminal conviction were not found in the revocation context. There, the Court held that a petitioner's appeal challenging his parole revocation was moot because during the appeal he had severed the entirety of his sentence. *Spencer*, 523 U.S. at 14-18.

Spencer did not challenge his felony convictions; rather, he challenged the lawfulness of the termination of his parole status. At the time of the Court's decision, Spencer's reincarceration was over and could not "be undone." *Id*. at 8. Specifically, the Court declined to extend the presumption of collateral consequences that attach to criminal convictions to revocations. The Court concluded that, in what would otherwise be a moot case, a case or controversy exists only if the parties continue to have "a personal stake in the outcome," such that "an actual injury [is] traceable to the defendant and [is] likely to be redressed by a favorable judicial decision. *Id*. at 7. For a defendant who already has served his sentence, "some continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id*. Unlike a criminal conviction, "[n]o civil disabilities . . . result from a finding that an individual has violated his parole." *Id*. at 12 (quoting *Lane v. Williams*, 455 U.S. 624, 632 (1982)). Spencer was unable to establish adequate collateral consequences.

The Ninth Circuit has followed the rationale of *Spencer*, even though the Circuit had previously held that a sentence can be challenged, even if it has been completely served, if there might be "collateral consequences for a defendant in any possible future sentencing." *United States v. Schmidt*, 99 F. 3d 315, 317 (9th Cir. 1996); *United States v. Dickey*, 924 F. 2d 836, 838 (9th Cir. 1991). In *United States v. Palomba,* 182 F. 3d 1121 (9th Cir. 1999), this rationale changed. Palomba challenged not his conviction, but rather the calculation of his sentence, arguing that it was based on an incorrect computation of his criminal history. *Palomba*, 182 F. 3d at 1122. At the time of his appeal, Palomba had fully discharged his sentence. In light of *Spencer*, the Circuit, overruling prior precedent, held a court cannot presume collateral consequences where a defendant has already served his entire sentence. *Id*. Because Palomba had not established any collateral consequence or ongoing injury, he lacked standing to challenge his completed sentence. *Id*.

Much like *Spencer* and *Palomba*, Berger has not established collateral consequences to meet the case-or-controversy requirement for justiciability of his claim under Article III, § 2 of the United States Constitution. Berger has served his entire sentence and is not currently under any form of supervision. All of the claims Berger makes surround the actions leading to his revocation hearing, the subsequent placement, and the sentence that was imposed. Putting aside his now

complete custodial sentence, Berger has not demonstrated the existence of a continuing injury or collateral consequence. Without such a showing there is nothing to maintain Berger's petition. *Spencer v. Kemna*, 523 U.S. at 7. Accordingly, Berger lacks standing to challenge his completed sentence and his claims are moot.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Berger has not made a substantial showing that he was deprived of a constitutional right. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Berger's petition (Doc. 1) should be **DENIED** as moot.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Berger may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Berger must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 8th day of December, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.