# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JEREMIAH F. BERGER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 15-67-GF-BMM<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Jerremiah F. Berger filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, on August 14, 2015. (Doc. 1.) Berger filed this motion pro se. Berger's term of imprisonment expired October 18, 2015.

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on December 8, 2015. (Doc. 11.) Judge Johnston recommended that the Court deny as moot Berger's petition. Judge Johnston also recommended that the Clerk of Court be directed to enter, by separate document, a judgment of dismissal. Lastly, Judge Johnston recommended that the Court deny a certificate of appealability. Berger filed no objections to Judge Johnston's Findings and Recommendations. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). The Court will review Judge Johnston's Findings and

1

Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I. Justiciability

Article III, § 2 of the United States Constitution requires a "case or controversy" for justciability. An incarcerated person's challenge to the validity of his conviction satisfies the case or controversy requirement. *See Spencer v. Kemma*, 523 U.S. 1, 7 (1998). A person who has already completed his sentence presents a different situation. *Id.* at 14-18. A continuing injury "other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist" to maintain the suit. *Id.* at 12 (quoting *Lane v. Williams*, 455 U.S. 624, 632 (1982)).

Berger has failed to establish collateral consequences to meet the case-or-controversy requirement. Berger has served his entire sentence. Berger's claims arise from the actions leading to his revocation hearing, his subsequent placement, and the sentence the Court imposed. Berger's petition should be denied as moot.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A certificate of appealability should be issued when the petitioner "makes a substantial showing of the denial of a constitutional right." Berger has

failed to make a substantial showing that he has been denied a constitutional right. A certificate of appealability should be denied.

The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

Accordingly, **IT IS ORDERED** that:

1. Berger's petition (Doc. 1) is **DENIED** as moot.

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal

3. A certificate of appealability is **DENIED**.

DATED this 19th day of January, 2015.

Brian Morris
United States District Court Judge